UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:22-cv-01415-EFB (SS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, proceeding without counsel,[1] seeks reimbursement of Social Security benefits for a five-year period during which his benefits were suspended. ECF No. 1. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Defendant has filed a motion to dismiss, which is fully briefed. ECF Nos. 11, 14 & 15. For the reasons set forth below, the motion to dismiss must be granted.

<u>Application to Proceed In Forma Pauperis</u>

    Plaintiff requests leave to proceed in forma pauperis ("IFP"). ECF No. 2. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a

/////

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

## The Complaint

Plaintiff alleges that he received Social Security benefits due to disability between 1993 and 2006.  ECF No. 1 at 1.  His benefits were interrupted while he was incarcerated in federal prison for a term of three years and nine months.  *Id*.  After his release from prison, he attempted to have his benefits reinstated, but the Social Security Administration ("SSA") did not reinstate his benefits for some time thereafter, though they were eventually reinstated.  *Id.* at 1-2.

"Plaintiff is asking for the court to require the [SSA] to reimburse him for the five years of denial of benefits due to their Prejudicial and Discriminatory actions." *Id*. at 2.  His average monthly benefits were $941.00, and he is seeking a total of $56,460.00 for the five-year period.  *Id*.  Plaintiff also requests that the court order an investigation into the SSA's prejudicial and discriminatory actions.  *Id*. at 3.

## Plaintiff's Prior Actions

Agency records show that, on February 19, 2010, plaintiff filed an application for Supplemental Social Security Income, alleging disability beginning September 1, 1992.  ECF No. 11-2 at 4.  On April 13, 2012, an Administrative Law Judge ("ALJ") found plaintiff not disabled under the Social Security Act and denied his claim for benefits.  *Id*. at 4-12.  In a declaration attached to the motion to dismiss, Dexter Potts, Chief of Court Case Preparation and Review at the SSA's Office of Appellate Opinions, stated that the ALJ's 2012 decision is the most recent decision denying benefits to the plaintiff.  ECF No. 11-1 at 3 (Potts Dec.).  On November 14, 2013, the Appeals Council mailed plaintiff notice of its action on plaintiff's request for review of the 2012 decision and of the right to commence a civil action within sixty days.  *Id.*

/////
/////
/////
/////
/////

Prior to the instant case, plaintiff has three filed federal actions concerning his Social Security benefits.[2]

Plaintiff filed the complaint in *Peden v. Commissioner*, 2:12-cv-01994 KJM CMK (E.D. Cal.) in July of 2012, roughly three months after the ALJ denied his claim for benefits.[3] *Id.*, ECF No. 1. Plaintiff alleged that SSA representatives "acted with prejudice and discrimination against me in the reestablishment of my benefits." *Id.* He sought reinstatement of his benefits and a court-ordered investigation. *Id.* The case was dismissed on December 26, 2013 for failure to prosecute and failure to comply with court rules and orders. *Id.*, ECF No. 12.

In *Peden v. Commissioner*, 2:14-cv-00061 KJN (E.D. Cal.), plaintiff sought the reinstatement of his benefits, an investigation of the SSA, and "accumulated back pay from . . . February 2010." *Id.*, ECF No 1. The case was dismissed on October 14, 2014 pursuant to Federal Rule of Civil Procedure 41(b) "based on plaintiff's failure to comply with court orders and failure to appear at a court-ordered hearing." *Id.*, ECF No. 18.

In *Peden v. Commissioner*, 2:17-cv-00707 EFB (E.D. Cal.), plaintiff sought "the benefits he was entitled to between February of 2010 and February of 2015, which were denied by the Prejudice and Discrimination of [SSA] Administrators" and an investigation into the agency. *Id.*, ECF No. 1. The undersigned dismissed that case on February 15, 2018 pursuant to Rule 41(b) for failure to prosecute and failure to comply with court orders. *Id.*, ECF No. 18.

## Motion to Dismiss

Defendant has filed a motion to dismiss the complaint for failure to state a claim, or, alternatively, a motion for summary judgment. ECF No. 11. Plaintiff has filed an opposition, and defendant has filed a reply. ECF Nos. 14 & 15.

/////

/////

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Because the Appeals Council had not yet ruled on plaintiff's request for review of the ALJ's decision, this suit was premature insofar as it challenged that decision.

3

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

A. <u>Suspension of Benefits While Incarcerated</u>

Insofar as plaintiff seeks reimbursement of Social Security benefits for the period during which he was incarcerated, he does not state a cognizable claim.

The Social Security Act provides that "no monthly benefits shall be paid under this section . . . . to any individual for any month . . . throughout all of which such individual . . . is

4

confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense[.]" 42 U.S.C. §402(x). The Ninth Circuit has affirmed the constitutionality of section 402(x), which mandates of the suspension of Social Security benefits during the time an individual spends incarcerated for a crime. *Butler v. Apfel*, 144 F.3d 622, 625 (9th Cir. 1998). "After 12 months of continuous suspension, benefits are terminated and are not automatically reinstated upon release from prison." *Beck v. Thompson*, No. 1:12-cv-0721 BAM (E.D. Cal. July 24, 2012), 2012 WL 3027999, *2 (dismissing complaint challenging suspension of benefits for failure to state a claim) (*citing Stubbs-Danielson v. Astrue,* 539 F.3d 1169 (9th Cir. 2008), 20 C.F.R. § 416.1335).

B. <u>Delayed Reinstatement of Benefits</u>

Plaintiff asserts that, after his release from prison, the reinstatement of his benefits was delayed due to the agency's prejudice and discrimination against him. This claim is not cognizable for the following reasons.

Judicial review of claims arising under Title II of the Social Security Act is provided for in sections 405(g)-(h) of the Act. Section 405(g) provides in part: "Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]" (Emphasis added.) Section 405(h) provides in part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Thus, the exclusive path to judicial review of a benefits-related claim starts with a final decision by the SSA and follows the procedures set forth in section 405(g). *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (a claim arises under the Act, and is subject to §405(g)'s requirements, "where an individual seeks a monetary benefit from the agency . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial."). The Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988).

Here, the last final decision by the SSA is the ALJ's 2012 denial of plaintiff's claim for benefits. To the extent plaintiff purports to appeal the ALJ's 2012 decision, the time to do so has long expired. Moreover, given plaintiff's prior federal actions in 2014 and 2017, both of which concerned the SSA's 2012 denial of benefits, the doctrine of res judicata applies. Res judicata, also known as claim preclusion, bars litigation in a later action of any claims that were raised or could have been raised in the prior action. *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties. *Id.*

The instant complaint arises from the same nucleus of facts as plaintiff's 2014 and 2017 cases, and the defendant (the Commissioner of Social Security) is the same. A Rule 41 dismissal for failure to prosecute operates as a dismissal on the merits for purposes of claim preclusion. *See Owens v. Kaiser Foundation Health Plan*, 244 F.3d 708, 714 (9th Cir. 2011) ("involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata") (citing *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991)). Given his functionally identical prior litigation, plaintiff's claims against the Commissioner are barred by claim preclusion, as well as being time-barred.

For these reasons, this action should be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

/////
/////
/////
/////

<u>Conclusion</u>

Accordingly, IT IS ORDERED that

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 11) be granted;

2. This action be dismissed for failure to state a claim upon which relief could be granted; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE